IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| William José Rodríguez Burgos; Faustino Xavier Betancourt Colón, | |
| Plaintiffs, | Civil Action No. 21-cv-1130 (WGY) |
| v. | |
| Sociedad Española de Auxilio Mutuo y Beneficiencia de Puerto Rico, Hospital Español Auxilio Mutuo de Puerto Rico, Inc. Fulanos de Tal 1-100, | |
| Defendants. | |

ANSWER TO THE PETITION

TO THE HONORABLE COURT:

Come now defendants, Sociedad Española de Auxilio Mutuo y Beneficiencia de Puerto Rico, and Hospital Español Auxilio Mutuo de Puerto Rico, Inc. ("Sociedad Española", "HEAM" and jointly referred to as the "Hospital"), by and through its undersigned attorney, and respectfully deny the allegations in the Petition and state and pray that in effect, it complies with the American with Disabilities Act of 1990, 42 USC § 12181 *et seq*., ("ADA"), as well as the Rehabilitation Act of 1973, 29 USC § 701 *et seq* (the "Rehabilitation Act").

THE PUBLIC ACCOMMODATION SITE IN QUESTION

1.      The assertions alleged in paragraph 1 of the Petition consists in part of a general description of the claim and the remedies sought, as well as a legal conclusion for which a responsive allegation in not required; if required, it is hereby denied; and herein admitted that Sociedad Española is the owner of the properties identified under the Municipal Income Recollection Center's ("CRIM") cadaster numbers 063-082-404-58 (Principal land with various buildings and uncovered parking lots),

063-082-404-54 (original hospital), 063-082-404-50 (Remnant of Principal Land), 063-082-404-51 (la Milagrosa West Wing), 063-082-404-47 (entrance to multi-level parking building), 063-082-404-46 (multi-level parking building).

2. It is hereby denied from the conclusory allegation that the above captioned permanent injunction sought in this petition is necessary, in addition to being improper since plaintiffs Faustino Xavier Betancourt Colón and/or William José Rodríguez Burgos ("Mr. Betancourt" and "Mr. Rodríguez", and jointly referred to as "Plaintiffs") have failed to properly assert and meet the necessary statutory requirements; and in response to the assertions alleged in subparagraph:

a. It is hereby denied that the Hospital is in violation of federal accessibility requirements set forth in ADA and the Rehabilitation Act; and regarding the February 19, 2019 letter, it speaks for itself.

b. It is hereby denied;

c. It is hereby denied; it is also affirmatively alleged that there are no architectural barriers within the Hospital which limit access to people with disabilities or that require removal; in the alternative, the Hospital also alleges that any potential violation of ADA has been corrected and/or is in the process of being corrected. Consequently, there is no scenario for which this Court should intervene since the lack of architectural barriers that may limit access to plaintiffs.

d. It is hereby denied; it is also affirmatively alleged that there are no architectural barriers within the Hospital which limit access to people with disabilities or that require removal; in the alternative, the Hospital also alleges that any potential violation of ADA has been corrected and/or is in the process of being corrected. Consequently, there is no scenario for which this

Court should intervene since the lack of architectural barriers that may limit access to plaintiffs.

e.  the appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation regarding Plaintiffs visited the Hospital.

f.  It is hereby denied.

g.  The assertion in subparagraph *g* consist of a declaration of future intent, for which the appearing party lacks knowledge or information sufficient to form a belief about its veracity, thus it is hereby denied.

PLAINTIFFS

3.     The assertions alleged in paragraph 3 of the Petition consist of plaintiffs' identification of which the appearing party lacks knowledge or information sufficient to form a belief about its veracity.

4.     The assertions alleged in paragraph 4 of the Petition consist the identification and description of Mr. Rodríguez's disabilities, of which the appearing party lacks knowledge or information sufficient to form a belief about its veracity.

5.     The assertions alleged in paragraph 5 of the Petition consist the identification and description of Mr. Betancourt's disabilities, of which the appearing party lacks knowledge or information sufficient to form a belief about its veracity.

6.     The assertions alleged in paragraph 6 of the Petition consist of a legal conclusion for which a responsive allegation in not required; if required, it is hereby denied.

7.     The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 7 of the Petition, and therefore it is hereby denied.

8.      The assertions alleged in paragraph 8 of the Petition are denied as drafted; it is affirmatively alleged that the appearing parties are Sociedad Española and HEAM.

9.      The assertions alleged in paragraph 9 of the Petition are denied as drafted; it is affirmatively alleged that Sociedad Española is the owner of the real property and lessor of the hospital facilities.

10.     The assertions alleged in paragraph 10 of the Petition are denied as drafted; it is affirmatively alleged that HEAM is the lessee of the real property wherein it operates and administrates the hospital.

11.     The assertions alleged in paragraph 11 of the Petition is addressed to or references other unidentified codefendants, for which a responsive allegation in not required; if required, it is hereby denied.

JURISDICTION AND VENUE

12.     The assertions alleged in paragraph 9 under the heading of Jurisdiction and Venue of the Petition consists of Plaintiff's jurisdictional and legal statements for which a responsive allegation in not required; if required, it is hereby denied.  It is further affirmatively alleged that the Hospital is in violation of federal accessibility requirements set forth in ADA and the Rehabilitation Act.

13.     The assertions alleged in paragraph 10 under the heading of Jurisdiction and Venue of the Petition consists of Plaintiff's venue statement for which a responsive allegation in not required; if required, it is hereby denied.

FACTS

14.     The assertions alleged in paragraph 11 under the heading Facts of the Petition consist of a legal conclusion for which a responsive allegation in not required; if required, it is hereby denied. In the event that any of the assertions are deemed factual in nature, they are also denied.

15.     The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 12 under the heading Facts of the Petition, and therefore it is hereby denied.

16.     The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 13 under the heading Facts of the Petition, and therefore it is hereby denied. It is hereby affirmatively alleged that there are no architectural barriers within the Hospital which limit access to people with disabilities or that require removal; in the alternative, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.  Consequently, there is no scenario for which this Court should intervene since the lack of architectural barriers that may limit access to plaintiffs.

17.     The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 14 under the heading Facts of the Petition, and therefore it is hereby denied. It is hereby affirmatively alleged that there are no architectural barriers within the Hospital which limit access to people with disabilities or that require removal; in the alternative, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.  Consequently, there is no scenario for which this Court should intervene since the lack of architectural barriers that may limit access to plaintiffs.

18.     The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 15 under the heading Facts of the Petition, and therefore it is hereby denied. It is hereby affirmatively alleged that there are no architectural barriers within the Hospital which limit access to people with disabilities or that require removal; in the alternative, the Hospital is ADA compliant, and that any potential violation of ADA has been

corrected and/or is in the process of being corrected. Consequently, there is no scenario for which this Court should intervene since the lack of architectural barriers that may limit access to plaintiffs.

19. The assertions alleged in paragraph 16 under the heading Facts of the Petition is hereby denied, and in response to the assertions alleged in the following subparagraphs, it is imperative to state the generic, stereotype and generalize nature of the assertions, without any specific or clear identification of the areas:

Access from outside the Property:<br>
Parking, Access Route and Entrance

a. The assertion alleged in subparagraph *a* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital retains the services of Facilities Services Management & Maintenance, Inc. to provide maintenance services to the parking spaces; as such, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

b. The assertions alleged in subparagraph *b* are hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; in addition, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

c. The assertion alleged in subparagraph *c* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the

Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

d.   The assertion alleged in subparagraph *d* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

e.   The assertion alleged in subparagraph *e* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

f.   The assertion alleged in subparagraph *f* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

g.   The assertions alleged in subparagraph *g* are hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

h.  The assertion alleged in subparagraph *h* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

i.  The assertion alleged in subparagraph *i* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

j.  The assertion alleged in subparagraph *j* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

k.  The assertion alleged in subparagraph *k* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

l.  The assertion alleged in subparagraph *l* is hereby denied; it is also affirmatively alleged that this assertion is a speculatively baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation;

furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

m. The assertion alleged in subparagraph *m* is hereby denied; it is also affirmatively alleged that this assertion is a speculatively baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

n. The assertion alleged in subparagraph *n* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

o. The assertion alleged in subparagraph *o* is hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

p. The assertions alleged in subparagraph *p* are hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

q.  The assertions alleged in subparagraph *q* are hereby denied; it is also affirmatively alleged that this assertion is a speculatively baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

r.  The assertions alleged in subparagraph *r* are hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

Access within the Property:  Access to Goods and Services

s.  The assertions alleged in subparagraph *s* are hereby denied; it is also affirmatively alleged that this assertion is a speculatively baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

t.  The assertions alleged in subparagraph *t* are hereby denied; it is also affirmatively alleged that this assertion is a speculatively baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

u.  The assertions alleged in subparagraph *u* are hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions

of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

v.  The assertions alleged in subparagraph *v* are hereby denied; it is also affirmatively alleged that this assertion is a speculatively baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

w.  The assertions alleged in subparagraph w are hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

x.  The assertions alleged in subparagraph *x* are hereby denied; it is also affirmatively alleged that this assertion is a baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

Access to Restroom in the Property

y.  The assertions alleged in subparagraph *y* are hereby denied; it is also affirmatively alleged that the Hospital has accessible this entire allegation, in addition to being a generalized and stereotype blanket, fails to properly identify which accessible restroom is the object of the allegation, being that the hospital has more than 8 accessible restrooms between male, female

and unisex rooms; which begs the questions if Plaintiffs are referencing only to accessible restrooms for males or is this speculative and baseless claim applicable also to female restrooms?  In addition, the assertions are fact-less recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

z.  The assertion alleged in subparagraph *z* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

aa.  The assertion alleged in subparagraph *aa* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

bb.  The assertion alleged in subparagraph *bb* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

cc.  The assertion alleged in subparagraph *cc* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific

dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

dd. The assertion alleged in subparagraph *dd* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

ee. The assertion alleged in subparagraph *ee* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

ff. The assertions alleged in subparagraph *ff* are hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

gg. The assertion alleged in subparagraph *gg* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

hh. The assertion alleged in subparagraph *hh* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

ii. The assertion alleged in subparagraph *ii* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

jj. The assertion alleged in subparagraph *jj* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

kk. The assertion alleged in subparagraph *kk* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

ll. The assertions alleged in subparagraph *ll* are hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive

allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

mm.     The assertion alleged in subparagraph *mm* is hereby denied; it is also affirmatively alleged that this assertion is a speculative and baseless recital of law and a conclusory reference to specific dispositions of ADA or the Rehabilitation Act, which require no responsive allegation; furthermore, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

20.     The assertion alleged in paragraph 17 under the header Facts *are* hereby denied; it is also affirmatively alleged that there are no architectural barriers in the Hospital, and therefore, there is no legal damage caused to Plaintiffs, since there is complete, free and spontaneous access to the Hospital's facilities. The mention of needing discovery search, identify and point out "all other architectural barriers" confirms that the allegations are baseless and that discovery would only serve as a fishing expedition; furthermore, these assertions are a speculative and baseless recital of law and a conclusory reference to ADA or the Rehabilitation Act, which require no responsive allegation; in addition, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

21.     The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 18 under the heading Facts of the Petition, and therefore it is hereby denied.

22.     The assertion alleged in paragraph 19 under the header Facts consists in part of a legal conclusion for which a responsive allegation in not required; if required, it is hereby denied; and in the other part a factual assertion which is also hereby denied; it is affirmatively alleged that the

Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

23. The assertion alleged in paragraph 20 under the header Facts *are* hereby denied; it is also affirmatively alleged that there are no architectural barriers in the Hospital, and therefore, there is no requirement to eliminate something which does not exist; in addition, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

24. The assertion alleged in paragraph 21 under the header Facts *are* hereby denied; it is also affirmatively alleged that there are no architectural barriers in the Hospital, and therefore, there is no intention to discriminate against any person; in addition, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected; furthermore, the Hospital also complies the Puerto Rico Department of Health's *Reglamento del Secretario de Salud para la Construcción, Operación, Mantenimiento y Licenciamiento de los Hospitales en Puerto Rico,* Regulations No. 9184, July 1, 2020 (the "Regulation"), as such it was granted the licence to operate and administrate the hospital in Puerto Rico.

25. The assertion alleged in paragraph 22 under the header Facts consists in part of a legal conclusion for which a responsive allegation in not required; if required, it is hereby denied; and in the other part a factual assertion which is also hereby denied; it is affirmatively alleged that the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

<u>CAUSE OF ACTION</u>
<u>American with Disabilities Act of 1990</u>

26. The Hospital incorporates into this Section the preceding responsive allegations.

27.     The assertion alleged in paragraph 24 under the header Cause of Action – ADA consists of a legal statement for which a responsive allegation in not required; if required it is hereby denied.

28.     The assertion alleged in paragraph 25 under the header Cause of Action – ADA consists in part of a legal conclusion for which a responsive allegation in not required; if required it is hereby denied; and in the other part a factual assertion which is hereby denied.

29.     The assertion alleged in paragraph 26 under the header Cause of Action – ADA consists of a legal statement for which a responsive allegation in not required; if required it is hereby denied.

30.     The assertion alleged in paragraph 27 under the header Cause of Action – ADA consists of a legal statement for which a responsive allegation in not required; if required it is hereby denied.

31.     The assertion alleged in paragraph 28 under the header Cause of Action – ADA is hereby denied.  It is affirmatively alleged that the Hospital consists of various buildings, the oldest was built in the nineteenth century, and others constructed throughout the twentieth century; those built after 1993 include the main hospital – which cadaster number is not referenced in the Petition - the multi-level parking building; the entrance of the multi-level parking building, and others not referenced in the Petition, all of which are ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

32.     The assertion alleged in paragraph 29 under the header Cause of Action – ADA is hereby denied as drafted.  It is affirmatively alleged that the Hospital consists of various buildings, the oldest was built in 1910, and others constructed throughout the twentieth century including the main hospital – which cadaster number is not referenced in the Petition - was built in 1990; those built

after 1993 the multi-level parking building; the entrance of the multi-level parking building, and others not referenced in the Petition, all of which are ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

33.    The assertion alleged in paragraph 30 under the header Cause of Action – ADA consists in part of a legal statement for which a responsive allegation in not required; if required it is hereby denied; and the other factual assertion is hereby denied as drafted.  It is affirmatively alleged that the Hospital consists of various buildings, the oldest was built in 1910, and others constructed throughout the twentieth century including the main hospital – which cadaster number is not referenced in the Petition - was built in 1990; those built after 1993 the multi-level parking building; the entrance of the multi-level parking building, and others not referenced in the Petition, all of which are ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected; as well, all improvements made after 1993 have been designed and built in accordance with ADA and the Regulation.

34.    The assertion alleged in paragraph 31 under the header Cause of Action – ADA consists in part of a legal statement for which a responsive allegation in not required; if required it is hereby denied; and the other factual assertion is hereby denied as drafted.  It is affirmatively alleged that the Hospital consists of various buildings, the oldest was built in 1910, and others constructed throughout the twentieth century including the main hospital – which cadaster number is not referenced in the Petition - was built in 1990; those built after 1993 the multi-level parking building; the entrance of the multi-level parking building, and others not referenced in the Petition, all of which are ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected; as well, all improvements made after 1993 have been designed and built in accordance with ADA and the Regulation.

## FAILURE TO REMOVE BARRIERS IN AN EXISTING FACILITIES

35.     The assertion alleged in paragraph 32 under the header Failure to Remove Barriers in an Existing Facilities consists of a legal statement for which a responsive allegation in not required; if required it is hereby denied.

36.     The assertion alleged in paragraph 33 under the header Failure to Remove Barriers in an Existing Facilities consists of a legal statement for which a responsive allegation in not required; if required it is hereby denied.

37.     The assertion alleged in paragraph 34 under the header Failure to Remove Barriers in an Existing Facilities consists in part of a legal conclusion for which a responsive allegation in not required; if required it is hereby denied. is hereby denied; and the other factual assertion is hereby denied.

38.     The assertion alleged in paragraph 35 under the header Failure to Remove Barriers in an Existing Facilities consists in part of a legal conclusion for which a responsive allegation in not required; if required it is hereby denied. is hereby denied; and the other factual assertion is hereby denied.

## FAILURE TO DESIGN AND BUILD AN ACCESSIBLE FACILITY

39.     The assertion alleged in paragraph 36 under the header Failure to Design and Build an Accessible Facility is hereby denied.  It is affirmatively alleged that the Hospital consists of various buildings, the oldest was built in 1910, and others constructed throughout the twentieth century including the main hospital – which cadaster number is not referenced in the Petition - was built in 1990; those built after 1993 the multi-level parking building; the entrance of the multi-level parking building, and others not referenced in the Petition, all of which are ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

40. The assertion alleged in paragraph 35 under the header Failure to Design and Build an Accessible Facility consists of a legal conclusion for which a responsive allegation in not required; if required it is hereby denied.

## FAILURE TO MAKE ACCESSIBLE AN ALTERED FACILITY

41. The assertion alleged in paragraph 38 under the header Failure to Make Accessible an Altered Facility is hereby denied as drafted. It is affirmatively alleged that the various hospital's facilities which have been "altered" as defined by §§ 202.1, 202.3, 202.4 are ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

42. The assertion alleged in paragraph 39 under the header Failure to Make Accessible an Altered Facility consists of a legal statement for which a responsive allegation in not required; if required it is hereby denied.

43. The assertion alleged in paragraph 40 under the header Failure to Make Accessible an Altered Facility consists of a legal conclusion for which a responsive allegation in not required; if required it is hereby denied. If the assertion implies that the Hospital failed to comply with the cited authority, the allegation is hereby denied.

## POLICIES AND PROCEDURES

44. The assertion alleged in paragraph 41 under the header Policies and Procedures consists of a legal statement for which a responsive allegation in not required; if required it is hereby denied.

45. The assertions alleged in paragraph 42 under the header Policies and Procedures consists of a legal conclusion based on an unfounded speculation for which a responsive allegation in not required; if required it is hereby denied. If the assertion implies that the Hospital failed to comply with the cited authority, the allegation is hereby denied.

46.     The assertions alleged in paragraph 43 under the header Policies and Procedures consists of legal remedies sought by Plaintiffs and, as such, are herein denied that they are entitled to the remedies claimed under ADA.  Furthermore, it is hereby alleged that Plaintiffs failed to allege and establish the necessary statutory requirements for a valid claim for injunctive relief or any other relief under ADA.

47.     The assertions alleged in paragraph 44, as well as subparagraphs (i) through (xiv) under the heading Policies and Procedures of the Petition consists generic, stereotype, generalize, speculative, and argumentative statements, which are all denied; and legal and conclusory statements, for which a responsive allegation is not required, and if required, they are hereby denied.

a. The assertion in suparagraph (i) is hereby denied.  It is affirmatively alleged that the Hospital does not have the architectural barriers alleged throughout the Petition; in addition, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

b. The assertions in suparagraph (ii) are hereby denied as they consist of a speculative and generic statement as well as an baseless assertion.

c. The assertions of subparagraph (iii) are hereby denied as drafted; the Hospital affirmatively alleges that it is in posession and control of the facilites; in addition, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

d. The assertions in subparagraph (iv) consists in part of legal and conclusory statements, for which a responsive allegation is not required, if required it is hereby denied; in the other factual assertion, it is hereby denied; in addition, the Hospital is ADA compliant, and that any potential violation of ADA has been corrected and/or is in the process of being corrected.

e.  The assertions in subparagraph (v) are hereby denied.

f.  The assertions in subparagraph (vi) are hereby denied.

g.  The assertions in subparagraph (vii) are hereby denied.

h.  The assertions in subparagraph (viii) are hereby denied.

i.  The assertions in subparagraph (ix) consists of legal and conclusory statements, for which a responsive allegation is not required, if required it is hereby denied.

j.  The assertions in subparagraph (x) are not addressed to the Hospital for consisting of an unfounded and unsolicited opinion on running a business, for which a responsive allegation is not required; if it is required, then it is denied.

k.  The assertions in subparagraph (xi) are not addressed to the Hospital for it consists of a public service announcement, for which a responsive allegation is not required; if it is required, then it is denied.

l.  The assertions in subparagraph (xii) are hereby denied.

m.  The assertions in subparagraph (xiii) are not addressed to the Hospital and consists of unsolicited quotes from various disciplines on the effects of disabilities, for which a responsive allegation is not required; if it is required, then it is denied.

n.  The assertions in subparagraph (xiv) are not addressed to the Hospital for consisting of an unfounded and unsolicited opinion, for which a responsive allegation is not required; if it is required, then it is denied.

CAUSE OF ACTION II:
REHABILITATION ACT OF 1973

48.  The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 45 under the heading Cause of Action: Rehabilitation Act of 1973; thus, it is hereby denied.

49.    The assertions alleged in paragraph 46 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition are hereby denied.

50.    The assertion alleged in paragraph 47 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition is hereby denied.

51.    The assertion alleged in paragraph 48 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition is hereby denied.

52.    The assertions alleged in paragraph 49 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition are hereby denied.

53.    The assertions alleged in paragraph 50 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition are hereby denied.

54.    The assertion alleged in paragraph 51 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition consists of a legal statement for which a responsive allegation in not required; if required it is hereby denied.

55.    The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 52 under the heading Cause of Action: Rehabilitation Act of 1973; thus, it is hereby denied.

56.    The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 53 under the heading Cause of Action: Rehabilitation Act of 1973; thus, it is hereby denied.

57.    The assertion alleged in paragraph 54 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition is hereby denied.

58.    The assertion alleged in paragraph 55 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition is hereby denied as drafted.

59.     The assertions in alleged in paragraph 56 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition consists of a conclusory statement, for which a responsive allegation is not required, if required it is hereby denied.

60.     The assertion alleged in paragraph 12 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition is hereby denied.

61.     The appearing party lacks knowledge or information sufficient to form a belief about the veracity of the allegation asserted in paragraph 13 under the heading Cause of Action: Rehabilitation Act of 1973; thus, it is hereby denied.

62.     The assertion alleged in paragraph 14 under the header Cause of Action: Rehabilitation Act of 1973 of the Petition is hereby denied.

AFFIRMATIVE DEFENSES

1.      Plaintiffs failed to state a claim upon which a relief in law may be granted in their favor against the Hospital.

2.      Plaintiffs filed this action in bad faith.

3.      Plaintiffs filed this action with uncleaned hands, as such it cannot recover damages as sought, or any such damages recovered must be reduced; as well as barred and precluded from seeking injucntive or other equitable relief.

4.      Plaintiffs have not suffered any real damages.

5.      Plaintiffs are not entitled to injunctive relief for lacking an irreparable harm.

6.      Plaintiffs lack standing to file this action as "testers".

7.      Plaintiffs lack standing to file this action, since to prevail on a Title III ADA discrimination claim, it must be shown that Plalintiffs are: (1) disabled within the meaning of

ADA; (2) defendant owns, leases or operates a facility of public accommodatoin; and (3) Plaintiffs were denied public accommodations because of their disabilities.

8.     Plaintiffs failed to meet the pleading notice standard for its pleadings are defective and do not comply with the minimum standard that an allegation must conform to.

9.     Plaintiff's allegations in the Complaint do not comply with the minimum standard that an allegation must have, as ruled by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009); therefore Plaintiff's claims must be dismissed for failure to state a claim under which relief may be granted.

10.     Plaintiff's allegations are a based on a recital of ADA sections on various areas of public accomodations, and glued by baseless legal conclusions that the Hospital violated ADA and the Rehabilitation Act.  As its knonw, legal conclusions, can only be made by the Court, and cannot substitute factual assertions. Pleasings based on legal conclusions constitute grounds for early dismissal since they are not enough to make entitlement to relief plausible. A.G. v. Elsevier, Inc., 732 F. 3d 77 (1st Cir. 2013).

11.     Plaintiffs' claims are time barred for failing to comply with the statute of limitations.

12.     Plaintiffs lack a valid cause of action against the Hospital udner Title III of ADA, 42 USC § 12181, et seq.

13.     Since the Hospital is ADA compliant; or having addressed and corrected any potential ADA infringments, Plaintiffs are not entitled to award of damages nor attorneys' fees.

14.     The accommodations sought after by Plaintiff are not readily achievable, feasible, and/or would result in an undue burden on the Hospital. And, making any such modifications as

Plaintiffs claim, would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

15.     Accommodations as requested by Plaintiffs are structurally impracticable.

16.     The relief, in whole or in part, sought by Plaintiffs would constitute an undue burden to Defendant (42 U.S.C. § 12182(b)(2)(A)(iii)).

17.     The Hospital's services, facilities, privileges, advantages and accommodations, in whole or in part, are available through alternative methods.

18.     The relief sought by Plaintiffs, in whole or in part, would require disproportionate costs.

19.     To the extent that the modifications sought by Plaintiffs are required but not readily achievable, the Hospital had made its facility accessible through alternative methods.

20.     The Hospital asserts, without admitting any liability whatsoever, that its conduct has always been legal and reasonable. Moreover, upon information and belief, access through readily achievable "alternative methods" are adequately provided at the Hospital's facilities.

21.     The Hospital has addressed and corrected and/or correction is underway any potential violation of ADA. Therefore, there is no need this Court to intervene in this action since there is no real and/or  immediate threat that an architectural barrier will cause future harm to Plaintiffs or any other individual similarly situated.

22.     Plaintiffs' claim is moot.

23.     There is no controversy under ADA, hence, this Court lacks federal jurisdiction.

24.     The instant action is frivolous, has no basis in facts or law, presents no good faith basis for the advancement of applicable law, is characterized by obstinacy and obduracy in prosecuting a patently baseless and groundless claim. Moreover, the Petition was filed in bad faith

for vexatious and oppressive reasons with the sole intent of harassing and burdening the Hospital. For those reasons, the Plaintiffs should be assessed all the costs, expenses and attorney's fees incurred by the Hospital.

25. The Hospital is entitled to an award of attorney's fees and costs.

26. The Hospital denies any allegation of the Petition that has not been expressly been admitted.

27. There is no causal relationship between the Plaintiffs' alleged injuries and damages and the Hospital's actions and/or omissions.

28. Any damages that Plaintiffs could have suffered are the result of their negligent actions and/or omissions.

29. The damages alleged in the Petition are uncertain, excessive, speculative and grossly exaggerated.

30. Plaintiff failed to mitigate and/or minimize damages.

31. The Hospital has always acted within the established framework of its authority and duties.

32. The damages alleged in the Petition were the result of the sole and exclusive negligence and/or omissions and willful conduct of Plaintiffs who assumed the risks of their own actions.

33. Plaintiffs incurred in comparative negligence.

34. There is and were no dangerous conditions at the Hospital.

35. The damages claimed in the Petition were caused by the acts and/or error and/or omissions and/or negligence of a third party for which the Hospital is not liable or responsible as a matter of law.

36. The Hospital acted at all times relevant to this action in good faith, with proper care and never with negligence.

37. The Hospital reserves the right to amend its answers and affirmative defeneses.

WHEREFORE, the Hospital moves this Court to enter judgment dismissing Plaintiff's Petition with prejudice, and further award costs, expenses, and attorneys' fees in favor of the Hospital.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5th day of May 2021.

I HEREBY CERTIFY, that on this date I filed the foregoing with the Clerk of the Court using the CFM/ECF system

SÁNCHEZ-BETANCES,
SIFRE & MUÑOZ-NOYA LLC
Attorneys for the Hospital
33 Calle Bolivia, Suite 500
San Juan, Puerto Rico 00917
T. 787.756.7880
F. 787.753.6580
E. sergio@sbsmnlaw.com

s/ Sergio Sánchez-Pagán
USDC-PR No. 224402